**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JEFFREY A. KELLY,**

                                 **Plaintiff,**

   vs.                                                     **1:16-CV-00764
(MAD/DJS)**

**KINGSTON CITY SCHOOL DISTRICT, INC.,**

                                 **Defendant.**

---

**APPEARANCES:**                             **OF COUNSEL:**

**JEFFREY A. KELLY**
164 Colonial Drive
Kingston, New York 12401
Plaintiff *pro se*

**SHAW, PERELSON LAW FIRM**           **MARK C. RUSHFIELD, ESQ.**
21 Van Wagner Road
Poughkeepsie, New York 12603
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff *pro se* commenced this action against the Kingston City School District, Inc. on June 27, 2016.[1] Dkt. No. 1 at 1. In his original complaint, Plaintiff alleges that he was unlawfully discriminated against during a job interview with Kingston City School District, which resulted in him not getting hired for a clerk/typist position in June 2015. *Id.* at 1-3. In response to Defendant's motion to dismiss the complaint, Plaintiff filed a cross-motion to amend the

---

[1] The original complaint listed Dr. Paul Padalino, Kingston City Schools Superintendent, Mr. Allen Olsen, Kingston City Schools Deputy Superintendent for HR and Business, and Kingston City School District, Inc.

complaint, where he asserts claims pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12102, as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, the Civil Rights Act of 1991 (42 U.S.C. § 1981(a)), and New York State Human Rights Law ("NYHRL").  *See* Dkt. No. 8-4; Dkt. No. 20-2 at 1.

Presently before this Court is Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's cross-motion to amend the complaint.

## II. BACKGROUND

Plaintiff interviewed for an account clerk/typist position at the Kingston City School District ("Defendant") on June 25, 2015.  *See* Dkt. No. 1 at 2.  Plaintiff alleges that one of the interviewers, Dr. Paul Padalino, started the interview by asking "Celiac?," and was later told by the interview committee "we're aware of the difficulties you've had in your life." *Id.* at 2-3.  Plaintiff did not receive the job, and subsequently filed a complaint with the New York State Department of Human Rights ("DHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") on August 10, 2015.  *See id.* at 3.  Following an investigation, the DHR dismissed Plaintiff's complaint on February 5, 2016, finding that there was "NO PROBABLE CAUSE to believe that the [Defendant] ha[s] engaged in or [is] engaging in the unlawful discriminatory practice complained of."  Dkt. No. 8-3 at 1.  The DHR stated that the "investigation revealed insufficient evidence to support [Plaintiff's] allegations of unlawful  discrimination." *Id.* at 1-2. The EEOC similarly dismissed the complaint on April 8, 2016.  *See* Dkt. No. 1 at 3, 10.

### A.     **Plaintiff's Original Complaint**

The original complaint named Dr. Paul Padalino, Kingston City School's Superintendent, Mr. Allen Olsen, Kingston City School's Deputy Superintendent for Human Resources and

Business, and the Kingston City School District. *See* Dkt. No. 1 at 1. Although Plaintiff initially asserts that the action is brought under the ADA, ADEA, NYHRL, Ulster County Charter, and City of Kingston Charter, in the body of the complaint he only addresses the causes of action under the ADA and ADEA. *See* Dkt. No. 1 at 1, 7.

In the original complaint, Plaintiff alleged that Defendant discriminated against him in violation of the ADA by not hiring him as a result of his actual or perceived disability. *See* Dkt. No. 1 at 7. Plaintiff also alleged that Defendant violated the ADEA by discriminating against Plaintiff based on his age. *See id.*

**B.    Defendant's 12(b)(6) Motion to Dismiss**

Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See* Dkt. No. 8-4 at 6. Specifically, Defendant moves to dismiss on the following grounds: (1) Plaintiff failed to assert any plausible claim under the ADEA because he failed to allege any facts to support a claim that his age was taken into account in Defendant's decision not to hire him; (2) Plaintiff failed to assert a claim under ADA because Plaintiff has not alleged that he suffers from an impairment that substantially limits a life activity; (3) Plaintiff failed to plead any facts demonstrating that Defendant perceived him as having an impairment; (4) punitive damages are not recoverable from Defendant under the ADA or ADEA; (5) Plaintiff can not assert a claim against the named individual defendants under the ADA or ADEA; (6) Plaintiff failed to plead that he received a "right to sue letter" from the EEOC regarding his ADA claim; (7) the NYHRL claims were dismissed by New York Division of Human Rights for lack of probable cause, thus barring Plaintiff's claims in this Court; and (8) the complaint fails to allege that Plaintiff filed a notice with Defendant as required for his NYHRL claims under New York Education Law Section 3813. *See* Dkt. No. 8-4 at 9.

## C. Plaintiff's Proposed Amended Complaint

Plaintiff filed a Cross-Motion to Amend the Complaint and Response in Opposition to the Motion to Dismiss on September 12, 2016. Dkt. No. 20-2 at 1. Plaintiff's proposed amended complaint removed the individual defendants that had been named in the original complaint and listed the employer school district as the sole defendant. *See* Dkt. No. 20-2 at 1. Plaintiff's proposed amended complaint included the ADA, ADEA, and NYHRL claims of the original complaint, and added a cause of action under 42 U.S.C. § 1981a. In the proposed amended complaint, Plaintiff alleges discrimination in violation of the ADA for "being regarded as having" both physical and mental illnesses, and that he "has a disability that limits the major life activity of eating." Dkt. No. 20-2 at 18. Plaintiff asserts two causes of action under the ADA: (1) his disability limits a major life activity resulting in disparate treatment in the hiring process; and (2) he was unlawfully discriminated against as being perceived as having a disability which resulted in a disparate outcome for Plaintiff. *Id.* Plaintiff alleges that Defendant violated the ADEA by "conflating the usual sterotype [sic] of the 'sick' person with the 'old' person," thus discriminating against Plaintiff based on his age in the hiring process. *Id.* at 18-19. Plaintiff further alleges that Defendant discriminated against him "on the basis of religion," in violation of the Civil Rights Act of 1991 (42 U.S.C. § 1981a). *Id.* at 19. Finally, Plaintiff alleges discrimination "on the basis of marital status" in violation of NYHRL. *See id.*

## III. DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal

sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *Gillman v. Inner City Broad. Corp.*, No. 08 Civ. 8909, 2009 WL 3003244, *3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a *prima facie* case of discrimination, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); rather, an employment discrimination complaint "must include only a short and plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *id.* at 512 (quotation marks and citations omitted); *see also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Swierkiewicz* to NYSHRL discrimination claims).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002).

**B.     Plaintiff's Causes of Action**

*1. ADA Claim*

The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . and privileges of employment." 42 U.S.C. § 12112(a). In order to state a *prima facie* disability discrimination case under the ADA, a "plaintiff must demonstrate that: 1) he or she suffers from a disability within the meaning of the ADA; 2) that he or she was otherwise qualified to perform . . . a job he or she was applying for; and 3) that he or she was not hired for the job . . . because of a disability."

*EEOC v. J.B. Hunt Transp. Inc.*, 128 F. Supp. 2d 117, 124 (N.D.N.Y. 2001) (citing *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 383 (2d Cir. 1996)).

The Act defines a disability, with respect to an individual, as "a physical or mental impairment that substantially limits one or more major life activities of such individual," an individual with "a record of such an impairment," or an individual "being regarded as having" an impairment described in the Act. 42 U.S.C. § 12102(1)(A)-(C). An impairment may be considered a disability if it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the population." 29 C.F.R. § 1630.2(j)(1)(ii). Such impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of [the Act.]" *Id.* Consequently, in order to state a claim under the ADA, Plaintiff must plausibly allege that his impairment substantially limits him from performing a major life activity. *See id.*

Plaintiff alleges that he was discriminated against based on his celiac disease as well as his perceived mental illness. *See* Dkt. No. 20-2 at 15. Plaintiff argues that he is protected under the ADA as a sufferer of celiac disease, other autoimmune diseases (including a life threatening "autoimmune liver disease"), and because he is "regarded in the [] community" as having a history of mental illness. *See id.* at 14. Plaintiff asserts that his celiac disease substantially "limits the major life activity of eating thus leading to a disparate treatment of him in a hiring process." Dkt. No. 20-2 at 18. However, in the amended complaint, Plaintiff acknowledged that his celiac disease is "well managed with a strict diet." Dkt. No. 20-2 at 4. Since the amended complaint makes clear that his celiac disease is "well managed," Plaintiff has failed to plausibly allege that his celiac disease "substantially limits" his ability to perform any major life activity.

7

*See Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 871 (2d Cir. 1998). As a result, Plaintiff's celiac disease is not the type of protected impairment contemplated within the meaning of the ADA. *See* 29 C.F.R. § 1630.2(j)(1)(ii).

Several cases have considered the extent to which the symptoms or consequences of a disease or allergy can be easily avoided in determining whether an alleged disability "limits a major life activity." *E.g.*, *Land v. Baptist Medical Center*, 164 F.3d 423, 425 (8th Cir. 1999) (holding that a peanut allergy is not a disability); *Slade v. Hershey Co.*, No. 1:09-cv-541, 2011 WL 3159164, *4-*5 (M.D. Pa. July 26, 2011). In *Fraser v. Goodale*, 342 F.3d 1032, 1045 (9th Cir. 2003), the plaintiff was a "brittle" diabetic employee, whose diabetes involved much more than dietary restrictions, and required her to "monitor carefully her day's diet, activities, and other similar factors," because, "[i]f she fails, she will find herself in a life-threatening situation." *Id.* at 1035. The court further noted that:

> Though we hold that eating is a major life activity, we do not thereby invite all those on a diet to bring claims of disability. Not every impediment to the copious and tasty diets our waistlines and hearts cannot endure is a substantial limitation of the major life activity of eating. We must carefully separate those who have simple dietary restrictions from those who are truly disabled. At the same time, we must permit those who are disabled because of severe dietary restrictions to enjoy the protections of the ADA.

*Id.* at 1041.

The limitations considered in *Fraser* were far more severe than what Plaintiff has alleged here. More importantly, Plaintiff does not explain how a major life activity is impacted by his disease. Plaintiff's pleading that he suffers a digestive problem that impacts the major life activity of eating is lacking any facts demonstrating that Plaintiff's major life activity of eating is sufficiently impacted to constitute a disability under the ADA. *See Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-cv-344, 2015 WL 4694049, *4 (N.D. Cal. Aug. 6, 2015) (holding

8

that the plaintiff failed to allege sufficient facts demonstrating how her celiac disease impacted the major life activity of eating); *Nolan v. Vilsack*, No. 14-cv-8113, 2016 WL 3678992, *5 (C.D. Cal. June 30, 2016) (finding that the plaintiff's ADA claim should be dismissed because the plaintiff failed to demonstrate that he suffers from a protected disability where he admitted that "neither his celiac disease nor his dyslexia significantly affects his work as a firefighter or his day-to-day living").

Plaintiff has not alleged any facts suggesting that he was denied employment based on his celiac disease. He has not shown that he has suffered discrimination of any sort due to this disability. Accordingly, Plaintiff has failed to plausibly allege discrimination in violation of the ADA. The allegations of the complaint and the proposed amended complaint do not "raise a right of relief above the speculative level," *Twombly*, 550 U.S. at 557 (quotation omitted), and thus, amendment of the complaint would be futile.

In the proposed amended complaint, Plaintiff further alleges that Defendant discriminated against him as a result of being "regarded as" having a mental illness, an impairment that would otherwise be covered by the ADA.[2] *See* 42 U.S.C. § 12102(1)(C); Dkt. No. 20-2 at 14. According to the 2008 ADA Amendments Act, in order to state a claim under the ADA as being "regarded as" having a covered disability, a plaintiff need only show that an action prohibited under the ADA "'was taken because of an actual or perceived impairment, whether or not that impairment actually limits or is believed to limit a major life activity.'" *Hilton v. Wright*, 673 F.3d 120, 129 (2d Cir. 2012) (quoting H.R. REP. No. 110-730, pt. 1, at 14 (2008)) (emphasis omitted).

---

[2] The Court notes that, in the proposed amended complaint, Plaintiff has not raised a "regarded as" claim as to his celiac disease. *See* Dkt. No. 20-2 at 14.

In the proposed amended complaint, Plaintiff claims that two former mayors of Kingston were "well aware of the plaintiff's reputation as being 'mentally ill' . . . and [] were inclined . . . to reveal such information to others in the community–and of a certainty . . . communicated the fact of the plaintiff's Celiac disease to top administrators of the defendant employer." Dkt. No. 20-2 at 7-8. Plaintiff later states that "[t]he power players in Kingston prefer to regard" Plaintiff as having a mental illness. *Id.* at 15. Although Plaintiff claims that he is regarded as having a disability within the community, the complaint and proposed amended complaint fail to plausibly allege that Defendant had any such knowledge or perceived Plaintiff as having a disability. Moreover, Plaintiff 's conclusion that Defendant discriminated against him is based on a single statement allegedly made to him during the interview: "We're aware of the difficulties you've had in your life!!" *See* Dkt. No. 20-2 at 6. This isolated statement, which does not even mention any perceived mental illness, fails to plausibly allege that Defendant discriminated against him because of this perceived impairment.

Additionally, the Court finds that Plaintiff's mental illness discrimination claim was not presented to the DHR. A plaintiff must exhaust all available administrative remedies before bringing an action of employment discrimination in federal court. *See Hoffman v. Williamsville School Dist.*, 443 Fed. Appx. 647, 649 (2d Cir. 2011). "An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to the allegations in the charge." *Id.* (citing *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006)). Newly asserted allegations will only be deemed reasonably related if "if the administrative charge provided the [administrative agency] with sufficient notice to investigate the allegation." *Id.*

In his complaint to the DHR, Plaintiff does not allege discrimination from being "regarded as" having a mental illness. *See* Dkt. No. 23-1 at 2. Rather, Plaintiff refers to discrimination based on "my disability" and states that he "ha[s] a condition that is considered a disability." *Id.* Plaintiff's DHR complaint also refers to the "celiac" question during the interview as the basis for his disability discrimination claim. *Id.* Moreover, in his original complaint, Plaintiff acknowledges that, during the DHR process, "the parties stipulated to the fact that 'Celiac disease' was [the] subject matter discussed at the job interview of June 25, 2015 of Plaintiff." Dkt. No. 1 at 3. Plaintiff's complaint to the DHR, therefore, only addressed disability in terms of Plaintiff's actual celiac disease, and failed to give DHR notice to investigate any discrimination from being "regarded as" having a mental illness. Consequently, Plaintiff's newly asserted claim is not reasonably related to the administrative proceedings. *See Hoffman*, 443 Fed. Appx. at 649. As a result, Plaintiff has not exhausted administrative remedies and is barred from bringing this claim in federal court.

Based on the foregoing, the Court finds that Plaintiff's ADA claims in both the original and proposed amended complaint are subject to dismissal.

### *2. ADEA*

The ADEA was created "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621. The ADEA "makes it unlawful for an employer to take adverse action against an employee 'because of such individual's age.'" *Gross v. FBL Fin. Servs.*, 557 U.S. 167, 170 (2009) (quoting 29 U.S.C. § 623(a)).

To establish a *prima facie* case of age discrimination under the ADEA, the plaintiff must demonstrate that he or she was in the protected age group of forty years or older, was qualified for the position at issue, suffered an adverse employment action, and that the identified adverse action occurred under circumstances giving rise to an inference of discrimination. *See D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003)); *see also Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000) (citing *Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir. 1998) *abrogated in part by Gorzynski*, 596 F.3d at 106 (finding that the Supreme Court in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009) changed the last part of the age discrimination analysis)).

In the original complaint, Plaintiff states that it is "reasonable to think that [] Defendant[] viewed the Plaintiff's age and thus found further reason, upon the relatively benign suggestion that the employer was concerned with 'gaps in his employment history' as reflective as same, to think that his age also prevented him from due consideration for [the] job." Dkt. No. 1 at 6. Aside from this bald speculation, Plaintiff does not set forth any further factual allegations as to how his age may have been a factor in the hiring process.

In an attempt to meet the pleading requirement, Plaintiff's proposed amended complaint sets forth two additional assertions regarding his age. *See* Dkt. No. 20-2 at 18-19. Plaintiff alleges that "Defendant violated the ADEA in the hiring process by discriminating against him by conflating the usual sterotype [sic] of the 'sick' person with the 'old' person," thereby discriminating against Plaintiff on the basis of his sickness as well as his age. *Id.* Plaintiff states that the individual hired for the clerk/typist position was forty-four years old and unqualified for the position. *See id.* at 19. Plaintiff appears to be asserting that the hired individual was selected because he was younger than Plaintiff, regardless of credentials. *See id.* Although Plaintiff

12

regards himself as being the "far and away the most qualified" for the job, the investigation by the DHR found that Plaintiff "received the lowest marks of all candidates in the interviews, and in conference the interviewers talked about his lack of desired skills and experience." Dkt. No. 8-3 at 2. The DHR concluded that while the individual hired was younger than Plaintiff, "the investigation did not reveal that his age was the determining factor why he was not hired." *Id.* Rather, Defendant's decision not to hire Plaintiff was based on "legitimate concerns about a potential hire," and did not demonstrate "any discriminatory intent." *Id.* at 3.

Plaintiff has failed to include any plausible factual allegations or information as to how age played a factor in Defendant's decision not to hire him. Both the original complaint and proposed amended complaint consist only of the conclusory allegation that Defendant conflated sickness with age, without any facts to support a finding that Defendant took Plaintiff's age into consideration during the hiring process. This allegation fails to cross the line from conceivable to plausible to demonstrate that Defendant acted with discriminatory intent in its decision not to hire Plaintiff. Consequently, amendment of the complaint would be futile, as both the complaint and proposed amended complaint fail to assert facts suggesting a plausible claim of age discrimination under the ADEA.

### 3. *Civil Rights Act of 1991*

Plaintiff alleges that Defendant violated the Civil Rights Act of 1991 "by discriminating against him on the basis of religion, based on the religiously disparaging remarks made by then Mayor Sottile to [Plaintiff] on a blog and the evident influence he had with school district administrators, which said Mr. Sottile wrote to [P]laintiff during the years 2009-2010." Dkt. No. 20-2 at 19.

13

This claim does not appear in the original complaint, and the proposed amended complaint does not set forth any facts to support this allegation. The proposed amended complaint states that "Mr. Sottile made disparaging remarks about the plaintiff's religion" and that he "was [] discriminated against on the basis of his religion, having filed a complaint with the city once with regard to garbage being found strewn all over the front lawn of his church on one occasion," and Mr. Sottile subsequently "withdrew garbage pickup for all nonprofit organizations in the city." Dkt. No. 20-2 at 16; Dkt. No. 8-3 at 2. Plaintiff does not set forth any facts to demonstrate that Mr. Sottile conveyed this to Defendant. Additionally, Plaintiff's proposed amended complaint is devoid of any allegations indicating that the blog exchanges had any relation or impact on Defendant's decision not to hire Plaintiff in 2015. Further, this isolated comment, made by a person not associated with the school district six years prior to the alleged failure to hire, is insufficient to plausibly allege a causal link between the two events.

Consequently, the Court finds that Plaintiff's conclusory allegations are insufficient to set forth a plausible cause of action.

## C. Leave to amend

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112 (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). Furthermore, "[w]here granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (collecting cases).

In response to the motion to dismiss, Plaintiff filed a proposed amended complaint, which provides additional details and allegations, specifically those regarding Plaintiff's status as an individual "perceived as" having a mental illness. *See* Dkt. No. 20-2 at 14-18. This attempt, however, fails to assert anything above conclusory factual allegations. Even taking the notion that Plaintiff is "regarded as" having a mental illness as true, Plaintiff has not alleged any facts plausibly suggesting that he was the subject of discrimination because of any actual or perceived disability. Moreover, Plaintiff has identified only two statements made in the interview process that could have possibly related to his disability. Dkt. No. 20-2 at 3, 6. These isolated statements, supported only by vague and conclusory assertions, are insufficient to plausibly allege disability discrimination. Additionally, Plaintiff did not claim that he was regarded as suffering from a mental illness in his complaint filed with the DHR. *See* Dkt. No. 23-1 at 1. Therefore, amendment of the complaint in respect to this issue would be futile for failure to exhaust administrative remedies.

With respect to Plaintiff's ADA claim regarding his celiac disease, and the claims brought pursuant to the ADEA and the Civil Rights Act of 1991, both the original complaint and proposed amended complaint are completely devoid of any facts in support of these claims. Plaintiff's allegations fail to "raise a right of relief above the speculative level," and are insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 557. Consequently, after carefully reviewing both the original and proposed amended complaint, the Court finds that Defendant's motion to dismiss should be granted and that the claims should be dismissed with prejudice because any amendment would be futile.

As such, Defendants' motion to dismiss is granted, and Plaintiff's claims are dismissed without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that

while *pro se* litigants are generally given an opportunity to amend their complaints to cure any deficiencies, where "[t]he problem with [the] causes of action is substantive" such that "better pleading will not cure it," leave to amend should be denied as futile) (citations omitted).

**D.    Plaintiff's state law claims**

In his proposed amended complaint, Plaintiff asserts that Defendant violated the NYHRL "by reason of discrimination against plaintiff on the basis of marital status."

Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted). Since the Court has dismissed all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over his state-law claim and dismisses it without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**E.    Other pending motions**

On September 12, 2016 and November 14, 2016, Plaintiff filed letters requesting that the Court appoint counsel. *See* Dkt. Nos. 18 & 28. Plaintiff claims that he has sought counsel through various family members and the Legal Services of the Hudson Valley, but he has not been able to successfully secure counsel. *See* Dkt. No. 28. "There is no right to the appointment of counsel in civil cases." *United States v. Sash*, 581 F. Supp. 2d 647, 649 (S.D.N.Y. 2008). "A district court possesses broad discretion when determining whether appointment is appropriate, 'subject to the requirement that it be guided by sound legal principle.'" *Harnage v. Gerbing*, No. 13-CV-4598, 2013 WL 5775770, *2 (E.D.N.Y. Oct. 25, 2013) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989)) (other quotation omitted). The Second Circuit has provided that, when determining whether to appoint counsel in a civil case, a district court should

first consider whether there is substance to the litigant's position. *See Cooper*, 877 F.2d at 172. If the litigant's position has substance, courts should then consider a number of factors, including a plaintiff's ability to obtain representation independently, his ability to manage the case without an attorney, the complexity of the legal issues, and the need for expertly conducted cross-examination. *See id.*

Having determined that Plaintiff's federal claims should be dismissed with prejudice, the Court denies Plaintiff's motions for the appointment of counsel.

Moreover, on September 12, 2016, Plaintiff filed a "motion to strike" portions of Defendant's motion to dismiss. *See* Dkt. No. 19. In his motion, Plaintiff repeatedly disagrees with statements made by Defendant in its motion to dismiss. Plaintiff cites to Rule 12(f) of the Federal Rules of Civil Procedure in support of his motion. First, Rule 12(f) permits the Court to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Since a motion to dismiss is not a "pleading," the Court denies Plaintiff's motion. Moreover, the Court has reviewed Plaintiff's motion and finds that nothing in Defendant's submission warrants the relief Plaintiff seeks. Accordingly, Plaintiff's motion is denied.

Additionally, on September 23, 2016, Plaintiff filed a "premotion letter" in which he addresses the arguments in Defendant's reply to the motion to dismiss. *See* Dkt. No. 24 at 1. In this motion, Plaintiff refers to the Court's Individual Rules of Practice as they pertain to motions for sanctions. *See id.* Having reviewing the "premotion letter," the Court finds that Plaintiff has provided no valid basis to impose "sanctions" on Defendant. Further, to the extent that this submission could be construed as a sur-reply, the Court finds that the arguments raised have no

bearing on the disposition of this matter as set forth above. As such, the Court denies Plaintiff's "premotion letter." Dkt. No. 24.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss the complaint (Dkt. No. 8) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for leave to amend the complaint (Dkt. No. 20) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motions to appoint counsel, motion to strike, and motion for sanctions (Dkt. Nos. 18-19, 24 & 28) are **DENIED**; and the Court further

**ORDERS** that Defendant's letter motion requesting denial of Plaintiff's motion for sanctions (Dkt. No. 25) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2017
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge